STATE v. CORNELL.

1. *State* v. *Quattlebaum*, 67 S. C., 203, affirmed, in so far as it holds that an appearance recognizance in the General Sessions is binding on surety without signature of principal.

2. RECOGNIZANCE.—Contention that surety signed the bond estreated on the understanding that the principal should sign it, is not sustained.

3. IBID.—LIMITATION OF ACTIONS—LACHES.—The provision of Criminal Code 85, that a forfeited recognizance should be estreated without delay, is not a statute of limitation, but is merely directory to the officer and a proceeding in 1903 to estreat a recognizance forfeited in 1899, is not such unreasonable delay as would amount to laches.

4. PLEADINGS.—From allegation that pursuant to preliminary examination before magistrate a defendant was bound over to appear in bond which was signed by two sureties, it is inferable that the signing was in the presence of the magistrate.

5. RECOGNIZANCE.—That a defendant was called at the court house door and failed to answer, should be alleged in a proceeding to estreat a recognizance, and it is better that such fact be of record, but it may be shown by evidence of the solicitor.

6. IBID.—RULE 60 C. C.—BAR—COSTS.—A proceeding to estreat a recognizance in Sessions Court is not barred under Rule LX. of Circuit Court by failure to pay cost of action by State against surety on civil side of Court on the recognizance, dismissed on demurrer.

Before Jos. A. McCULLOUGH, special Judge, Richland, March, 1903. Affirmed.

Proceedings in Court of General Sessions to estreat appearance recognizance in case of State against Edward Cornell. From Circuit order, surety, J. M. Quattlebaum, appeals.

*Messrs. Lyles & McMahan,* for appellant, cite: *Bond cannot be enforced against surety after violation of condition of execution:* 43 S. C., 504; 9 S. C., 234; 3 S. C., 331. *Bond not good without signature of principal:* Crim. Code, 84; Brandt on Sur., sec. 151. *In order that recognizance be forfeited, accused should be regularly called and fail to appear:* 3 Ency. P. & P., 237; 5 Cyc., 130.

*Messrs. Thomas & Gibbes,* contra, cite: *Bond cannot be varied by parol:* 26 S. C., 312; 13 S. C., 332; 24 S. C., 128; 57 S. C., 60. *Obligation of surety is not affected by delay in estreating bond:* Crim. Code, 85; End. on Int. of Stat., secs. 436, 437, 440; 57 S. C., 256; 1 N. & McC., 36.

February 2, 1905. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a proceeding by rule to show cause, in the Court of General Sessions, to estreat a recognizance, signed by J. M. Quattlebaum and J. R. Hall as sureties for the appearance of Edward Cornell to answer an indictment in the above stated case for an attempt to rob and steal from the person. The rule was not served upon Edward Cornell, the defendant, named in the recognizance as principal, or upon J. R. Hall, one of the sureties, because they could not be found within this State, being served only upon J. M. Quattlebaum, who made return and now appeals from the judgment upon the recognizance rendered herein. In the case of *State* v. *Quattlebaum,* 67 S. C., 203, the State brought an action upon said recognizance in the Court of Common Pleas, but this Court held that the Court of General Sessions alone has jurisdiction of proceedings to forfeit

recognizance. It appears as a fact in this case that Edward Cornell, principal, did not sign the recognizance. In the case of *State against Quattlebaum, supra,* the Court held that an appearance recognizance in the General Sessions is binding on the surety without the signature of the principal. In so far as that question may be deemed involved here, we affirm the conclusion reached in the State against Quattlebaum for the reasons therein given.

It is, however, strenuously urged here now that the recognizance is not complete as an obligation of the surety, Quattlebaum, for the reasons that it was the understanding that the recognizance was not to be delivered and treated as complete until the principal, Cornell, had signed it. If we assume that it was within the power of the magistrate who took the recognizance to enter into an understanding and agreement that the recognizance should not be deemed complete and binding until the principal, as well as all the named sureties, had signed it, still it does not appear as a fact found by the Circuit Court, or as an undisputed fact, that there was any such understanding and agreement. As to this matter, the Circuit Court found that the evidence was conflicting, and that Mr. Duncan and the magistrate (the principal witnesses on the subject), do not state that as a condition of the bond. The magistrate does not state that there was any such understanding with the surety, Quattlebaum, nor does Quattlebaum make any such statement. The magistrate did state in his affidavit that the order for the release of the prisoner was handed by him to Mr. John T. Duncan, Cornell's attorney, with the understanding that Cornell would sign the bond before order of release would be effective, and that it was understood and agreed that Mr. Duncan would bring the prisoner from the jail to the magistrate's office, where he would sign the bond and then be released; but this is denied in the affidavit of Mr. Duncan. Even if this Court had jurisdiction to decide issues of fact in a case of this kind, we could not say, from

the evidence, that there was any understanding or agreement between the magistrate and Quattlebaum that the bond should not be deemed complete without the signature of the principal, Cornell. On the contrary, the magistrate states that the surety, Quattlebaum, signed the bond in the magistrate's presence, after being warned that he would be liable to the extent of the bond. We agree with the Circuit Court that if the surety had desired that the bond should be delivered only upon condition that the principal sign the same, he should have taken proper precaution to see that this was carried out, and that if he signed the bond and left it in possession of the magistrate without taking proper steps to protect himself as to the signature of the principal, he should not complain. Upon the execution of the recognizance, the magistrate issued a release of the prisoner and placed it in the hands of the prisoner's counsel, and as matter of fact the prisoner was released by virtue thereof. The foregoing conclusions require that the first, second, third and fourth exceptions be overruled.

In the fifth and sixth exceptions and subdivision three of the seventh exception, appellant makes the point that section 85, Criminal Code, requires the estreat to be instituted "without delay," and hence the right to estreat has been lost by the delay from June, 1899, to October, 1903, in instituting proceedings. Section 85, Criminal Code, does provide, "Whenever such recognizance shall become forfeited by non-compliance with the condition thereof, the attorney general, or solicitor, or other person acting for him, shall, without delay, issue a notice, and summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of Sessions, to show cause, if any he has, why judgment should not be confirmed against him, etc." This provision is directory merely to the officers named, and does not affect the liability of the surety or the legality of the proceedings in this case, a contrary

intention not clearly appearing in the statute.    Endlich on Int. Stat., sections 436 and 437.

This is not an action upon a statute for a forfeiture or penalty to the State, so as to make applicable the two and three years limitations on such an action, as provided in sections 113 and 114, Code of Civil Procedure, nor has there been any such unreasonable delay in instituting these proceedings, as would warrant the Court in denying the relief sought because of *laches.*

Under subdivision 1, of exception 7, it is contended that the rule and affidavit upon which it was based failed to state a cause of action, in that it did not appear therein that the surety, Quattlebaum, signed the bond in the presence of the magistrate, as required in section 84, Criminal Code. It was alleged that, pursuant to the preliminary examination before the magistrate, on the 13th day of May, 1899, the said Edward Cornell was bound over under a $200 bond to appear before the Court of General Sessions, and that said bond was signed by J. R. Hall and J. M. Quattlebaum. It is inferable that the signing was in the presence of the magistrate. This, however, was evidentiary matter, and the testimony was undisputed that the surety signed in the presence of the magistrate, and the recognizance on its face so shows.

In subdivision 2, of exception 7, the point is made that the judgment was erroneous, because there was no record that the principal has been called before the court house door, and failed to appear. It is undoubtedly true that, in order that a forfeiture of recognizance may be adjudged, it should appear that the accused was regularly called and failed to appear, and it is also true that it is desirable, as a matter of practice, that the Court should cause some entry of the default to be made on the record. It was admitted in this case that there was no such record except as appears in the affidavit of Solicitor J. W. Thurmond, upon which the rule herein was based. In the absence, however,

of any statute making entry on record of such default, the only evidence of the fact, we are not disposed to hold that the absence of any such entry on record is fatal to the judgment herein. Before judgment of forfeiture was pronounced, it was clearly shown by the undisputed testimony of the solicitor, having personal knowledge of the matter, that on or before the fourth Monday in June, 1899, the defendant, Cornell, was duly called before the court house door in said county, and that he failed to appear to answer to said indictment, and has thereafter continued to absent himself from the Court.

In subdivision 4, of exception 7, it is contended that the Circuit Court erred in overruling appellant's objection that a civil action has been brought by the State against J. M. Quattlebaum for the recovery of this penalty, and the Supreme Court has decided against the appeal of the plaintiff herein, but the costs have not been paid and the cause has not been marked ended on the calendar of the Court of Common Pleas, and now pending, is a bar to this proceeding. The case of State against Quattlebaum affirmed the judgment of the Circuit Court in sustaining demurrer to the complaint for want of jurisdiction in the Court of Common Pleas. This was a final disposition of that case, and needed no further action in the Circuit Court. *Adger & Co.* v. *Pringle,* 13 S. C., 36. We do not think this case falls within Rule 60 of the Circuit Court, which provides, "Where a party has suffered a nonsuit or discontinuance, or has otherwise let fall his action, all proceedings in any new action for the same case shall be suspended until the costs of such former action have been paid." This is a special proceeding authorized to be taken in the Court of General Sessions.

The exceptions are all overruled, and the judgment of the Circuit Court is affirmed.