594 S.E.2d 844

**The STATE, Respondent,**

v.

**Eric Wayne COCHRAN, Defendant,**

**In re All Out Bonding Company, Surety, Appellant.**

**The State, Respondent,**

v.

**Jarrid R. Luther McInnis, Defendant,**

**In re All Out Bonding Company, Surety, Appellant.**

**The State, Respondent,**

v.

**Corey Phillip Spicer, Defendant,**

**In re All Out Bonding Company, Surety, Appellant.**

**No. 25799.**

Supreme Court of South Carolina.

Heard Feb. 4, 2004.

Decided April 5, 2004.

James W. Bannister, of Greenville, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, and Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia, and Solicitor Robert M. Ariail, of Greenville, for Respondent.

PER CURIAM:

All Out Bonding Company (appellant) appeals three circuit court orders, which have been consolidated for this appeal, holding appellant liable for the estreatment of three separate bonds. We affirm the circuit court orders.

## ISSUE

Did the circuit court err in finding appellant liable for bonds written for the defendants' failure to appear in court?

## ANALYSIS

Appellant is a licensed insurance agency which has been appointed by Frontier Insurance Company (Frontier) to act as its agent. Mike Curlee, the owner of appellant, is licensed by the Department of Insurance as a surety bondsman. Frontier acts as a surety and it posts the required collateral necessary to enable appellant to write bonds.

Appellant issued bail bonds to three defendants. When appellant issued the bonds, the "Order Specifying Methods and Conditions of Release" forms were signed "All Out Bail Bonding" and attached to the forms were Powers of Attorney executed by Frontier.[1] Subsequent to appellant issuing the bonds, Frontier determined that it would no longer be licensing agents in South Carolina due to the Superintendent of Insurance of the State of New York declaring Frontier insolvent and placing Frontier on rehabilitated status. The South Carolina Department of Insurance has determined to honor the New York Order.

After the defendants failed to appear as required by the bonds, an estreatment hearing was held in March 2002 for all three bonds. Appellant asserted it had been acting as

---

1. The Power of Attorney form that is attached to the release forms says "[Frontier] does make, constitute and appoint the named agent its true and lawful Attorney–in–Fact for it and in its name, place and stead, to execute seal and deliver for and on its behalf and as its act and deed, as surety, a bail bond only ... The obligation of the company shall not exceed the sum of [amount of bond] and provided this Power–of–Attorney is filed with the bond and retained as part of the court records."

Frontier's agent, and therefore could not be held liable for its acts on behalf of the principal. Appellant asked that the estreatments be stayed pursuant to the New York Order of Rehabilitation. The court allowed the State to estreat the bonds.

Appellant asserts that it is not liable on the bonds at issue because it signed the bonds only in its capacity as an agent for Frontier. We disagree. Proceedings to estreat bonds are governed by statute. Surety is defined as "one who, with the defendant, is liable for the amount of the bail bond upon forfeiture of bail." S.C.Code Ann. § 38–53–10(11) (2002). When a bond is violated by the defendant's failure to appear, the State has a right to full estreatment. S.C.Code Ann. § 17–15–170 (2003).

The State's right to estreatment is governed by contract. *State v. Boatwright*, 310 S.C. 281, 423 S.E.2d 139 (1992). In the case at hand, each bond was signed "All Out Bail Bonding" on the line marked "Name of Surety." There was no indication on the actual bond that Appellant was signing as Power of Attorney for Frontier. When a contract is clear and unequivocal, its meaning must be determined by its contents alone. *Dibble v. Dibble,* .248 S.C. 165, 181, 149 S.E.2d 355, 364 (1966). Looking at the four corners of the document, appellant alone was listed as the surety. The documents attached to the bond demonstrate only that Frontier agreed to underwrite the bonds signed by appellant.

## CONCLUSION

The circuit court judge properly estreated the bonds against appellant. The estreatment orders are affirmed.

TOAL, C.J., MOORE, PLEICONES, JJ., and Acting Justices ALEXANDER S. MACAULAY and DANIEL F. PIEPER, concur.