631 S.E.2d 895

**The STATE, Respondent,**

v.

**Robert F. McCLINTON, Defendant;**

and

**Frye Brothers Bonding and Frontier Insurance Co., Surety for the Defendant,**

**Of Whom Frye Brothers Bonding is Appellant.**

No. 26171.

Supreme Court of South Carolina.

Heard May 24, 2006.

Decided June 19, 2006.

168

Robert T. Williams, Sr. of Williams, Hendrix, Steigner & Brink, P.A., of Lexington, for Appellant.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Norman Mark Rapoport, all of the South Carolina Office of the Attorney General, of Columbia; and Solicitor Donald V. Myers, of Lexington, for Respondent.

Justice BURNETT.

This appeal raises the novel issue of whether the three-year statute of limitations for contract actions applies to the State's action for the forfeiture of a bail bond in a criminal case.

## FACTUAL AND PROCEDURAL BACKGROUND

Frye Brothers Bonding (Appellant) signed as surety for a $10,000 bond on behalf of Robert McClinton in February 1997. McClinton subsequently failed to appear in court as ordered and as required by his bond. A bench warrant for McClinton's arrest was issued in February 1998.

The State filed a rule to show cause in August 2005 for a hearing on whether the bond should be forfeited or estreated by Appellant due to McClinton's failure to appear in court 7½ years earlier. The circuit court subsequently found that the conditions of the bond had been violated and ordered the bond be forfeited and paid to the Lexington County Treasurer, with the proceeds to be distributed among state and local agencies as provided by statute. We certified this case for review from the Court of Appeals pursuant to Rule 204(b), SCACR, to consider the following issue:

> Does the three-year statute of limitations for contract actions apply to the State's action for forfeiture of a bail bond in a criminal case?

## STANDARD OF REVIEW

In a case raising a novel question of law, the appellate court is free to decide the question with no particular deference to the lower court. *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 719 (2000) (citing S.C.

Const. art. V, §§ 5 and 9, S.C.Code Ann. § 14–3–320 and – 330 (1976 & Supp.2005), and S.C.Code Ann § 14–8–200 (Supp. 2005)); *Osprey, Inc. v. Cabana Ltd. Partnership,* 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000) (same); *Clark v. Cantrell,* 339 S.C. 369, 378, 529 S.E.2d 528, 533 (2000) (same).

An appellate court reviews the circuit court's ruling on the forfeiture or remission of a bail bond for abuse of discretion. *State v. Holloway,* 262 S.C. 552, 555, 206 S.E.2d 822, 823 (1974). An abuse of discretion occurs when the circuit court's ruling is based upon an error of law, such as application of the wrong legal principle; or, when based upon factual conclusions, the ruling is without evidentiary support; or, when the circuit court is vested with discretion, but the ruling reveals no discretion was exercised; or when the ruling does not fall within the range of permissible decisions applicable in a particular case, such that it may be deemed arbitrary and capricious. *Fontaine v. Peitz,* 291 S.C. 536, 539, 354 S.E.2d 565, 566 (1987); *S.E.C. v. TheStreet.Com,* 273 F.3d 222, 229 n. 6 (2d Cir.2001).

## LAW AND ANALYSIS

Appellant contends the circuit court erred in ruling that the three-year statute of limitations for contract actions [1] does not apply in a bond forfeiture action in a criminal case. Appellant asserts this Court has held that the State's right to estreatment or forfeiture of a bond arises from contract, which logically implicates the statute of limitations for contract actions. The State's right to move for forfeiture of the bond accrued upon issuance of the bench warrant in February 1998 after McClinton failed to appear in court. Thus, the State's bond forfeiture action brought 7½ years later is untimely and barred by the statute of limitations.

The State contends Appellant is estopped from denying liability on the bond because both Appellant and McClinton derived a benefit from it—Appellant by presumably intending to profit from the transaction and McClinton by remaining free before trial. The State agrees its right to move for forfeiture of the bond accrued upon the issuance of a bench

---

1. S.C.Code Ann. § 15–3–530(1) (2005).

warrant for the defendant's arrest, but contends no statute of limitations applies to such actions.

We have held that the State's right to estreatment or forfeiture of a bail bond issued in a criminal case arises from the contract, *i.e.,* the bail bond form signed by the parties. The parties to such a contract typically include the defendant; the person or company which acts as surety for the bond, if any; and the state and local government entities identified on the bond form. We routinely have applied contract principles to resolve various issues arising in bond forfeiture cases. *See State v. Cochran,* 358 S.C. 24, 27, 594 S.E.2d 844, 845 (2004) ("[t]he State's right to estreatment is governed by contract" and a "surety" is "one who, with the defendant, is liable for the amount of the bail bond upon forfeiture of bail"); *State v. Boatwright,* 310 S.C. 281, 283–84, 423 S.E.2d 139, 140–41 (1992) ("it is the contract that provides the basis for the State's right to bond estreatment"; in upholding partial es- treatment of bond, Court applied the contract principle of impossibility of performance where defendant was extradited to another state, preventing surety from performing his obli- gation under the contract to deliver defendant to court); *State v. McIntyre,* 307 S.C. 363, 415 S.E.2d 399 (1992) ("State's right to bond estreatment arises from contract"; Court applied the Statute of Frauds to negate circuit court's oral amendment of contract of which surety asserted it had no notice); *State v. White,* 284 S.C. 69, 325 S.E.2d 64 (1985) ("State's right to estreatment of a bond arises from contract"; Court held the magistrate erred in disposing of charge originally covered by bond and then continuing the bond to cover a second charge without the consent of the surety); *State v. Bailey,* 248 S.C. 438, 446, 151 S.E.2d 87, 91 (1966) ("the right of the State to estreatment of an appearance recognizance arises from con- tract and is, therefore, subject to the doctrine of estoppel"); *State v. Simring,* 230 S.C. 49, 94 S.E.2d 9 (1956) (same); S.C.Code Ann. § 17–15–160 (2003) (identifying parties to bail bond contract); *accord U.S. v. Figuerola,* 58 F.3d 502, 503 (9th Cir.1995) ("A bail bond is a contract between the government, the defendant, and his sureties, and is governed by general contract principles."); *U.S. v. Martinez,* 613 F.2d 473, 476 (3d Cir.1980) (same).

172

Statutes governing matters related to bail bonds, including the qualifications and licensing of bail bondsmen and their runners, the issuance of bonds, and the forfeiture or remission of bonds are found in Titles 17 and 38. S.C.Code Ann. §§ 17-15-10 to -260 (2003 & Supp.2005) and §§ 38-53-10 to -340 (2002 & Supp.2005). The forfeiture of a bond after a defendant fails to appear in court as ordered is specifically addressed in two statutes. In order to avoid forfeiture of the bond, the surety must bring the defendant to authorities or place a hold on the defendant's release from incarceration or commitment at another facility within thirty days of issuance of a bench warrant for the defendant's arrest. S.C.Code Ann. § 38-53-70 (Supp.2005). When the conditions of a bond have been violated, the State shall immediately move for forfeiture of the bond by notifying the parties and seeking a hearing on a rule to show cause on why the bond should not be forfeited. S.C.Code Ann. § 17-15-170 (2003).

The parties have not cited, and we have not found, any statute of limitations in the various provisions contained in Titles 17 or 38. The only South Carolina case which broaches the issue is *State v. Cornell*, 70 S.C. 409, 50 S.E. 22 (1905). In that case, the Court reaffirmed its previous holding that a surety is bound on a bail bond even though the defendant did not sign the bond form. The surety further argued that the State was statutorily required to move for forfeiture of the bond "without delay," and the State's four-year delay should bar its forfeiture action as untimely.

The Court rejected the surety's argument, finding the language requiring prompt action was merely directory and insufficient to nullify the surety's liability. The Court further reasoned "[t]his is not an action upon a statute for a forfeiture or penalty on the [S]tate, so as to make applicable the two and three years' limitations on such an action. . . . [N]or has there been any such unreasonable delay in instituting these proceedings as would warrant the court in denying the relief sought because of laches." *Cornell*, 70 S.C. at 413, 50 S.E. at 23. The Court did not discuss the statute of limitations for contract actions, which in 1905 was essentially identical to the present statute except that it contained a six-year limitation

period. Code of Civil Procedure § 112 (Vol. 2 1902).[2]

The Legislature has provided in Title 15, which contains statutes of limitation governing various causes of action, that "[c]ivil actions may only be commenced within the periods prescribed in this title after the cause of action has accrued, except when, in special cases, a different limitation is imposed by statute." S.C.Code Ann. § 15-3-20(A) (2005). A three-year statute of limitations applies to "an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520 ." S.C.Code Ann. § 15-3-530(1) (2005).[3]

 A statute of limitations generally begins to run on the date a cause of action accrues, and a breach of contract action usually accrues at the time a contract is breached or broken. *Richland–Lexington Airport Dist. v. American Airlines, Inc.,* 306 F.Supp.2d 548, 566 (D.S.C.2002); *Livingston v. Sims,* 197 S.C. 458, 462, 15 S.E.2d 770, 772 (1941), *overruled on other grounds by Santee Portland Cement Co. v. Daniel Intl. Corp.,* 299 S.C. 269, 384 S.E.2d 693 (1989) (discovery rule applies in contract actions), *overruled on other grounds by Atlas Food Systems & Servs., Inc. v. Crane Natl. Vendors Div. of Unidynamics Corp.,* 319 S.C. 556, 462 S.E.2d 858 (1995).

In *United States v. Toro,* 981 F.2d 1045 (9th Cir.1992), the court applied the federal six-year statute of limitations for contract actions to bar the government's action for forfeiture of a bail bond as untimely. The Ninth Circuit explained that courts apply general principles of contract construction when interpreting bail bonds. The government's motion for forfeiture of the bond was an action for money damages and, more

---

2. Section 112 of the 1902 Code provided that the following shall be commenced "[w]ithin six years: 1. An action upon a contract, obligation or liability, express or implied, excepting those provided for in Section 111."

As noted by the *Cornell* Court, the 1902 Code addressed causes of action based upon a statute for a penalty or forfeiture to the State or another party, and provided for a two- or three-year statute of limitations. Code of Civil Procedure §§ 113–114 (Vol. 2 1902)

3. Section 15-3-520 establishes a twenty-year statute of limitations for a bond or other written contract secured by a mortgage of real property, or for certain sealed, written instruments. This section does not apply in the present case.

specifically, an action for liquidated damages. The Ninth Circuit rejected the government's argument that the district court should have moved, *sua sponte*, to declare the bond forfeited upon the defendant's failure to appear in court. The six-year statute of limitations on a claim against a surety begins to run when the contract is breached, *i.e.*, when a defendant breaches a bail bond condition. *Id.* at 1047–49; *accord State v. American Bankers Ins. Co.*, 105 Nev. 692, 782 P.2d 1316, 1317–18 (Nev.1989) (where bail bond forfeiture provisions did not contain a statute of limitations, court applied general six-year statute of limitations for contract actions to bond forfeiture action, rather than two-year period for actions upon a statute for penalty or forfeiture); *People v. Woodall*, 85 Mich.App. 514, 271 N.W.2d 298 (Mich.App.1978) (surety bond in criminal case is contract between government and principal and surety, and six-year statute of limitations for contract actions applies).[4]

We find persuasive the reasoning in *Toro* and similar cases, and conclude it is appropriate to apply the three-year statute of limitations for contracts to bail bond forfeiture actions. The Legislature has not provided a specific statute of limitations in the bail bond statutes; however, nothing in those statutes indicates an intent to prohibit a reasonable deadline for the State to act. In fact, the language of Sections 38–53–70 and 17–15–170 indicates the Legislature anticipated the State would move expeditiously for forfeiture of bond when necessary. The Court did not definitively resolve this issue in *Cornell* and our conclusion is consistent with prior authority stating that bail bonds generally are governed by contract principles.

---

4. Some states have established specific statutes of limitation for forfeiture of a bail bond. *See International Fidelity Ins. Co. v. City of New York*, 263 F.Supp.2d 619 (E.D.N.Y.2003) (discussing New York statute which requires filing of bail bond forfeiture order within 120 days of date of forfeiture, a prerequisite to recovery from surety); *Allegheny Cas. Co. v. Roche Surety, Inc.*, 885 So.2d 1016 (Fla.App. 5 Dist.2004) (discussing statute which provides that criminal bonds expire three years after they have been posted); *State v. Polk*, 688 So.2d 191, 193 (La.App. 4 Cir.1997) (discussing statute which requires state to complete bail bond forfeiture process within sixty days of defendant's non-appearance; otherwise, surety is released from its obligation).

■ We further conclude that the statute of limitations on the forfeiture of a bail bond begins to run thirty days after the issuance of a bench warrant for a defendant's failure to appear, pursuant to the process established in Section 38–53–70. We rely on the more specific process set forth in Section 38–53–70, and less on the general directive in Section 17–15–170 that the State move "immediately" for forfeiture of the bond upon noncompliance with its condition, because this language in the latter statute is merely directory. *See Cornell*, 70 S.C. at 413, 50 S.E. at 23. Moreover, we note a solicitor will retain significant control over the three-year clock because the solicitor will choose the date the clock begins to run by calling a case for disposition and seeking the issuance of a bench warrant due to a defendant's failure to appear.

■ In addition, the imposition of a reasonable deadline on the State in this setting is appropriate because, first, a three-year period provides ample time for the State to seek forfeiture of a bond if it desires to do so. Second, statutes of limitations "are designed to promote justice by forcing parties to pursue a case in a timely manner. Parties should act before memories dim, evidence grows stale or becomes nonexistent, or other people act in reliance on what they believe is a settled state of public [or private] affairs." *State ex rel. Condon v. City of Columbia*, 339 S.C. 8, 19, 528 S.E.2d 408, 413–14 (2000). Furthermore, "[t]here is universal acceptance of the logic of Statutes of Limitations that litigation must be brought within a reasonable time in order that evidence be reasonably available and there be some end to litigation. Not only do such statutes apply to suits against the State but also to suits brought by the State." *Webb v. Greenwood County*, 229 S.C. 267, 276, 92 S.E.2d 688, 691 (1956); *accord Santee Portland Cement Co.*, 299 S.C. at 271, 384 S.E.2d at 694 (one policy underlying statute of limitations is to protect defendant from false or fraudulent claims that might be difficult to disprove if brought after relevant evidence or witnesses are no longer available).

## CONCLUSION

We reverse the circuit court and hold that the three-year statute of limitations for contract actions applies to actions by

176

the State for the forfeiture of a bail bond in a criminal case. The statute begins to run thirty days after issuance of a bench warrant for a defendant's failure to appear, pursuant to the process established in Section 38-53-70. Accordingly, the State's forfeiture action in this instance, brought 7½ years after the issuance of a bench warrant for defendant's arrest for failure to appear in court as ordered, is barred by the statute of limitations.

**REVERSED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.