THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State of South Carolina, Respondent,
v.
Ernest J. Alcantara and ABC Bonding Company, Inc.,
Defendants,
of whom ABC Bonding Company, Inc. is the Appellant.
AND
The State of South Carolina, Respondent,
v.
Pablo Alcantara, and ABC Bonding Company, Inc.,
Defendants,
of whom ABC Bonding Company, Inc. is the Appellant.
AND
The State of South Carolina, Respondent,
v.
Jose Hernandez and ABC Bonding Company Inc., Defendants,
of whom ABC Bonding Company Inc. is the Appellant.
AND
The State of South Carolina, Respondent,
v.
Marko Marshall and ABC Bonding Company, Inc., Defendants,
of whom ABC Bonding Company, Inc. is the Appellant.
AND
The State of South Carolina, Respondent,
v.
Nathaniel Stevenson, III, and ABC Bonding Company, Inc.,
Defendants,
of whom ABC Bonding Company, Inc. is the Appellant.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2006-UP-345
Submitted September 1, 2006  Filed October 16, 2006

AFFIRMED

 
 
 
Andrew F. Litvin, of Columbia, for Appellant.
Solicitor Elizabeth O. Levy and Mary Cecelia Robinson, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  This case is an appeal from a bond estreatment hearing involving numerous defendants.[1]  ABC Bonding Company, Inc. (hereinafter ABC) appeals from orders of the circuit court estreating, in whole or in part, one bond each on defendants Ernest Alcantara, Pablo Alcantara, Jose Hernandez, and Marko Marshall, and two separate bonds on Nathaniel Stevenson, III.  ABC argues, as to each defendants order of estreatment, the circuit court erred in failing to grant the company a continuance.  ABC further argues, as to the orders concerning the Alcantaras, Marshall, and Stevenson, the court erred in ordering the amounts estreated on each bond based on the minimal cost to the State of the failure of the defendants to appear.  We affirm as to each of the bond estreatment orders.[2]
FACTUAL/PROCEDURAL BACKGROUND
On July 27, 2005, the circuit court held a bond estreatment hearing in
regard to bonds involving the above named defendants.  Appearing on behalf of ABC Bonding was the companys attorney, as well as ABCs investigator, Mr. Jim Sims.  At the start of the hearing, while discussing defendant Ernest Alcantara, ABCs attorney noted he had previously explained the circumstances to the court, and Mr. Sims was available if the court wished to question him.  Thereafter, ABCs attorney stated, As I explained earlier, Your Honor, I dont have the full file on this.  As the situations involving each of the defendants were discussed, counsel for ABC noted, as he had previously explained, his client was not fully prepared to proceed with the cases.  
The matter went forward, and the court ordered the full $55,000 each of Ernest Alcantaras and Pablo Alcantaras bonds be estreated.  He further ordered that $1,000 be estreated on Hernandezs $2,400 bond, $2,000 be estreated on Marshalls $25,000 bond, and the full amounts of $5,000 and $3,000 be estreated on Stevensons two bonds.  This appeal followed.
STANDARD OF REVIEW
In appeals from a decision on the forfeiture or remission of a bail bond, the appellate court reviews the circuit courts ruling for an abuse of discretion.  State v. McClinton, 369 S.C. 167, 631 S.E.2d 895 (2006).  

An abuse of discretion occurs when the circuit courts ruling is based upon an error of law, such as application of the wrong legal principle; or, when based upon factual conclusions, the ruling is without evidentiary support; or, when the circuit court is vested with discretion, but the ruling reveals no discretion was exercised; or when the ruling does not fall within the range of permissible decisions applicable in a particular case, such that it may be deemed arbitrary and capricious.  

Id. (citing Fontaine v. Peitz, 291 S.C. 536, 539, 354 S.E.2d 565, 566 (1987); S.E.C. v. TheStreet.Com, 273 F.3d 222, 229 n.6 (2d Cir. 2001)). 
LAW/ANALYSIS
I.  Continuance
We first address ABCs contention as to each of the six bond matters, that the circuit court abused its discretion in denying ABCs request for a continuance.  ABC argues the circuit court abused its discretion in refusing to grant ABCs request for a continuance of the hearing where counsel for ABC informed the court his client was recovering from a kidney transplant.  Specifically, ABC contends that, prior to the hearing, counsel requested a continuance based on the fact that the owner of ABC had just undergone a kidney transplant resulting in the owners inability to appear at the hearing and counsels inability to consult with the owner on the matter.  ABC maintains the request was made at a sidebar conference to protect the privacy of the owner of ABC.  It further asserts that the court ordered counsel to proceed with the hearing despite the owners absence and, when informed Mr. Sims was present in court but counsel had not had an opportunity to consult with Mr. Sims either, the court again ordered the hearing to proceed.  
We find this issue as to all six of the bonds in question is not preserved for our review.  While the record shows ABCs counsel stated he was not ready to proceed and made reference to a previous discussion, nowhere in the transcript does counsel move for a continuance, nor does he state the basis for a request for continuance.  Indeed, by way of brief, ABC indicates these matters were addressed in a sidebar and not on the record.  Because the motion for continuance was made during an off-the-record conference and was not made part of the record, the matter is not preserved for review.  See York v. Conway Ford, Inc., 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997) (holding an objection made during an off-the-record conference which is not made part of the record will not preserve the issue for review).  In addition, the fact that the circuit court may have acknowledged a discussion on the matter was held off-the-record does not preserve the matter for review.  See State v. Fletcher, 363 S.C. 221, 258, 609 S.E.2d 572, 591(Ct. App. 2005) (noting an issue is not preserved for appeal merely because the trial judge mentions it).
II.  Failure to consider costs to the State   
ABC next contends the circuit court abused its discretion in ordering estreatment of the full $55,000 on each of the Alcantarass bonds, $2,000 on Marshalls $25,000 bond, and the full amounts of $5,000 and $3,000 on Stevensons two bonds.  ABC asserts the circuit court erred in failing to consider the costs to the State in reaching its decision as to estreatment on these bonds. [3]  
The record shows, in addressing some of the bonds, counsel for ABC requested the circuit court consider costs expended by the State in attempting to recover the defendants, as costs was one of the factors the court should consider in determining remission of the bond.  Counsel argued that, in a forfeiture matter, the court should take into consideration the economic loss to the State.  The trial judge replied that economic loss was not the only factor to consider.
The issue of whether a bond forfeiture should be remitted, and if so, to what extent, is vested in the discretion of the trial judge.  State v. Workman, 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980);  State v. Holloway, 262 S.C. 552, 557, 206 S.E.2d 822, 824 (1974).  In determining whether and to what extent a bond should be remitted, the trial court should at least consider the following factors:  (1) the purpose of the bond;  (2) the nature and willfulness of the default;  (3) any prejudice or additional expense resulting to the State.  State v. Boatwright, 310 S.C. 281, 287, 423 S.E.2d 139, 142-43 (1992) (Toal, J., dissenting).  In making a determination as to remission of the judgment on a forfeited bond, the court shall consider the costs to the State or any county or municipality resulting from the necessity to continue or terminate the defendants trial and the efforts of law enforcement officers or agencies to locate the defendant.  S. C. Code Ann. § 38-53-70 (Supp. 2005).  
In Ex Parte Polk, 354 S.C. 8, 11-12, 579 S.E.2d 329, 330-31 (Ct. App. 2003), this court held, because section 38-53-70 unambiguously provides that the trial court must consider the costs to the State in determining remission of the judgment on a forfeited bond, the circuit courts refusal to consider costs as requested amounted to an abuse of discretion.  In the matters at hand, however, the circuit court did not refuse to consider costs to the State.  Rather, the court specifically acknowledged it was to consider costs as well as other factors in determining possible remission of the Alcantaras bonds.  Under the facts of this case, we cannot say the circuit court abused its discretion by refusing to consider costs to the State in ordering the amounts estreated on each of the bonds in question.   
CONCLUSION
In conclusion, we hold, because ABC failed to place a motion for continuance on the record, this issue is procedurally barred as to all of the named defendants bonds.  We further find no abuse of discretion in the orders of estreatment as to the Ernest and Pablo Alcantara, Marko Marshall, and Nathaniel Stevenson bonds.  Accordingly, the orders below are
AFFIRMED. 
HEARN, C.J., and HUFF and STILWELL, JJ., concur.

[1] Because these matters were heard at the same time, in the same hearing, resulting in the same transcript, and involve the same issues, we have consolidated these cases on appeal.  See Rule 214, SCACR (Where there is more than one appeal from the same order, judgment, or decree, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order the appeal to be consolidated.).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] ABC does not challenge the $1,000 estreated on the $2,400 Hernandez bond, but only challenges the courts failure to grant a continuance in that matter.