South Carolina State Court

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
State of South Carolina, Respondent,
v.
Elizabeth Rosette Bush, Defendant,
 David Nicholson d/b/a All Out Bonding Company signing as agent for:  Palmetto Surety Corporation, Surety,
 of whom All Out Bonding Company is the Appellant.
 
 
 

Appeal From Greenville County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No. 2007-UP-131
Submitted March 1, 2007  Filed March 28, 2007

AFFIRMED

 
 
 
Robert T. Williams, Sr., of Lexington, for Appellant.  
Shawn L. Reeves, of Columbia, for Respondent.  
 
 
 

PER CURIAM:  All Out Bail Bonding, Inc. (All Out) appeals the partial estreatment of Elizabeth Rosette Bushs bond.  We affirm.[1]
FACTS
In December 2004, All Out provided a $15,000 bond for Bush necessitated by her indictment for second-degree arson.  When Bush failed to comply with several provisions of her bond, including failing to report to the bonding company and failing to notify All Out of a change in her address and telephone number, All Out moved the court to be relieved from its obligation.  That motion was denied.  However, a special condition was added to Bushs bond that she was not to leave the residence without first notifying Bonding Company.  In January of 2006, All Out moved again to be relieved of its obligation based on Bushs arrest on new charges and a violation of the special condition of her bond.  The request was denied.  Bush had failed to appear in court in May of 2005 and March of 2006.  Finally, Bush failed to appear again in April 2006, and a bench warrant was issued for her arrest.  At a hearing on June 9, 2006, the court determined that $2,500 of Bushs bond should be estreated.  
STANDARD OF REVIEW
The issue of whether a bond forfeiture should be remitted, and if so, to what extent, is vested in the discretion of the trial judge.   State v. Workman, 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980) (citing State v. Holloway, 262 S.C. 552, 557, 206 S.E.2d 822, 824 (1974)).  Relief from bond forfeiture is in the discretion of the trial court.  State v. Boatwright, 310 S.C. 281, 283, 423 S.E.2d 139, 141 (1992).  An abuse of discretion occurs when the courts ruling is based on an error of law or when based on factual conclusions is without evidentiary support.  State v. McClinton, 369 S.C. 167, 170, 631 S.E.2d 895, 896 (2006).  An abuse of discretion also occurs when the ruling reveals no discretion was exercised.  Id.

 LAW/ANALYSIS
All Out argues that the court abused its discretion in estreating Bushs bond when the company had asked to be relieved of its surety obligation on two prior occasions.  We disagree.  
In considering whether to grant relief from a bond forfeiture the court must consider (1) the purpose of the bond, (2) the nature and willfulness of the default, and (3) any prejudice or additional expense resulting to the State.  See Workman, 274 S.C. at 343, 263 S.E.2d at 866.  In this case, the court determined that All Out had attempted to keep track of Bush and that her compliance with the bond conditions had been problematic from the beginning.  Nevertheless, the court concluded the purpose of the bond, to insure Bushs appearance, was not met, the State was prejudiced by Bushs failure to appear, and her violations seemed to be willful.  Based on its consideration of these factors, the court decided to estreat the bond in the amount of $2,500.  The record shows that the court considered the requisite factors and exercised its discretion to estreat the bond, not in the full amount, but in the partial amount of $2,500.  We discern no abuse.  
 AFFIRMED.
HEARN, C.J., GOOLSBY, and STILWELL, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.