THIS OPINION HAS
 NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Carmen
 Pellitteri, Employee, Respondent,
 v.
 Pellitteri
 Tile, Employer, and South Carolina Property and Casualty Guaranty Company,
 Carrier, Defendants,
 Of whom South
 Carolina Property and Casualty Guaranty Company is Appellant.
 
 
 

Appeal from Charleston County
 Mikell R. Scarborough, Circuit Court
 Judge
Unpublished Opinion No. 2008-UP-006
Submitted December 1, 2007  Filed January
 2, 2008    
AFFIRMED

 
 
 
 F. Reid Warder, Jr. and Jason A. Williams, both of Charleston, for Appellant
 Malcolm M. Crosland, Jr., of Charleston, for Respondent.
 
 
 

PER CURIAM: In
 this workers compensation case, South Carolina Property and Casualty Insurance
 Guaranty Association appeals the award of temporary total disability benefits
 and reimbursement for prior medical expenses to Carmen Pellitteri.  We affirm. [1]
FACTS
On January 26, 2002, Pellitteri sustained an injury to
 his left leg arising out of his employment as a tile installer for Pellitteri
 Tile.  As a result of his injury, Pelliteri underwent surgery on March 8, 2002.
  During his recovery, Pelliteri was unable to install tile; but he was able to
 evaluate potential jobs and provide estimates.  Pellitteri injured his right
 leg on April 1, 2002, while providing an estimate.  Pellitteri sought medical
 benefits and reimbursement for past due medical expenses relating to his right leg
 injury.  South Carolina
 Property and Casualty Insurance Guaranty Association (Guaranty Association) denied Pelliteris
 claim, arguing the claim was barred by an agreement and release entered into
 between Pellitteri, Pellitteri Tile, and Legion Insurance Company on February
 14, 2003.  
After a hearing on November 3, 2004, the single
 commissioner issued an order finding Pellitteri sustained a compensable injury
 to his right leg.  The commissioner further found the release did not bar
 Pellitteris claim involving his right leg.[2]  The commissioner concluded the release covered only those injuries related to
 the Claimants left leg injury which occurred on January 26, 2002.  Guaranty
 Association appealed to the appellate panel. The appellate panel affirmed the
 single commissioners findings.  Guaranty Association then sought judicial
 review in the circuit court.  The circuit court affirmed the order of the full
 commission in its entirety.  Guaranty Association appeals.
LAW/ANALYSIS
Guaranty Association asserts the release barred Pellitteri from receiving benefits under the South Carolina Workers
 Compensation Act for his right knee injury.  We disagree.
The release provides Pellitteri sustained injuries on
 January 26, 2002, and would receive compensation in the amount of $50,000.00.  The
 agreement further provides the sum is:

  [I]n full and
 final settlement and satisfaction for any and all claims for further
 compensation and medical [sic] due as the result of any injury or injuries,
 reported or unreported, known or unknown, while an employee of the employer,
 including, but not limited to all claims for permanent and temporary, total and
 partial disability, functional and specific loss, disfigurement, change of
 condition, death and funeral benefits, loss of function or impairment of any
 scheduled or non-scheduled members of the body, any claims of psychological or
 emotional injury or impairment, and past or future medical expenses as the
 result of the injury described herein . . . . 

A release is a contract and rules of contract should be
 used to determine what the parties intended.  Ecclesiastes Production
 Ministries v. Outparcel Associates, LLC, 374 S.C. 483, 497, 649 S.E.2d 494,
 501 (Ct. App. 2007).  The construction of a contract is a question of law for
 the court.  Auten v. Snipes, 370 S.C. 664, 669-70, 636 S.E.2d 644, 647 (Ct. App. 2006).  In construing a contract, the courts function is to interpret the contracts
 lawful meaning, discover the intention of the parties as provided within the contract,
 and give effect to the parties intention.  Id.  When a contract is
 clear and unequivocal, its meaning must be determined by its content alone.  State
 v. Cochran, 358 S.C. 24, 27, 594 S.E.2d 844, 845 (2004).
Here, the meaning of the release is plain.  The release
 provides that it is a full and final settlement of all claims as the result
 of the injury described herein.  The only injury described within the release
 relates to Pellitteris left leg.  Page one of the release describes
 Pellitteris injury as having occurred on January 26, 2002.  In addition, the
 Workers Compensation file number listed in the release is 0201583, the file
 number assigned to Pellitteris claim for his left leg injury.  Furthermore,
 the third page of the release provides that the combined effect of
 [Pellitteris] prior impairment and the injury or injuries described herein was
 such to produce Eighteen percent (18%) permanent functional impairment of
 [Pellitteris] left leg. . . . (emphasis added).  The language of the
 release does not mention an injury to Pellitteris right leg, the file number
 assigned to the claim for Pellitteris right leg injury, or the date the right
 leg injury took place.  The parties clearly could have included language in the
 release barring claims for Pellitteris right leg injury had that been their
 intent as the release was dated after Pellitteri injured his right leg.  
Guaranty Association argues broad language in the
 release stating the release is final settlement for any and all claims for
 further compensation and medical [sic] due as the result of any injury or
 injuries, reported or unreported, known or unknown, while an employee of the
 employer bars Pellitteri from recovery for all injuries prior to the date of
 approval of the release.  The release, however, also includes specific language
 limiting its effect to the injury or injuries described herein.  Reading the
 release as a whole, it is clearly limited to claims relating to Pellitteris
 left leg injury.  See Campbell v. Bi-Lo, Inc., 301 S.C.
 448, 452, 392 S.E.2d 477, 480 (Ct. App. 1990) (stating a release must be read
 as a whole); Thomas-McCain, Inc. v. Siter, 268 S.C. 193, 197, 232 S.E.2d
 728, 729 (1977) (Where the agreement in question is a written contract, the
 parties intention must be gathered from the contents of the entire agreement
 and not from any particular clause thereof.).   
Guaranty
 Association asserts that even if the release is limited to Pellitteris left
 leg injury, Pellitteris right leg injury is barred because it resulted from
 the left leg injury.  The commissioner, however, found Pellitteris right leg
 injury resulted from his work as a tile installer that required Pellitteri to
 perform significant bending, stooping, and kneeling.  Substantial evidence
 supports the commissioners finding.  By letter of September 18, 2002,
 Pellitteris physician opined I do not believe Mr. Pellitteris right knee
 meniscus tear is a result of overuse due to his left knee injury but more the
 overuse due to his occupation, which requires a significant amount of bending,
 stooping and kneeling . . . .  We therefore affirm the commissioners
 finding.  See Howell v. Pacific
 Columbia Mills, 291 S.C. 469,
 471, 354 S.E.2d 384, 385 (1987) (A decision of the Worker's Compensation
 Commission will not be overturned by a reviewing court unless it is clearly
 unsupported by substantial evidence in the record.).
CONCLUSION
For
 the reasons stated above, we hold Pellitteri sustained a compensable injury to
 his right leg, and such injury is not barred by the release. 
AFFIRMED.
HUFF AND PIEPER, JJ. and GOOLSBY, A.J., concur.  

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2] The commissioner made several additional findings of
 fact.  One such finding, regarding Pellitteris average weekly wage, was
 appealed by both parties to the appellate panel.  The issue, however, is not
 pertinent to this appeal.