THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 Nicole Lynn Miller, Defendant,
 
 
 Kim Reid d/b/a
 Carolina Bonding Company (as signing agent for: Palmetto Surety Corporation),
 Surety, Appellant.
 
 
 
 
 

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

Unpublished Opinion No.  2011-UP-284  
 Submitted June 1, 2011  Filed June 10,
2011

AFFIRMED

 
 
 
 R. Mills Ariail, Jr., of Greenville, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Julie M. Thames, all of Columbia; and
 Solicitor William W.Wilkins, III, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Kim Reid, doing business as Carolina
 Bonding Company, appeals the trial court's order remitting only $3,500 of its
 bond upon a finding Nicole Miller failed to appear in court when summoned. 
 Carolina Bonding Company argues it should have been remitted the full amount of
 its bond because Miller violated the terms of her bail bond and Carolina
 Bonding Company substantially performed all required terms of the bonding
 agreement.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  State v.
 McClinton, 369 S.C. 167, 170, 631 S.E.2d 895, 896 (2006) ("An
 appellate court reviews the [trial] court's ruling on the forfeiture or
 remission of a bail bond for abuse of discretion."); State v. Workman,
 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980) (In determining whether to remit
 an estreated bond, the trial court should consider "(1) the purpose of the
 bond; (2) the nature and willfulness of the default; (3) any prejudice or
 additional expense resulting to the State").  
AFFIRMED.
SHORT, KONDUROS, and
 GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.