**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tracy Wheeler Stubblefield, Appellant,

And

AAAA Bail Bonds and Crum & Forster Indemnity Co. Sureties for the Defendant, also Appellants.

Appellate Case No. 2015-000051

————————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

————————————

Unpublished Opinion No. 2017-UP-273
Submitted May 1, 2017 – Filed July 5, 2017

————————————

**AFFIRMED**

————————————

Lewis Francis Gossett, of Columbia, for Appellants.

Senior Assistant Deputy Attorney General Deborah R.J. Shupe, of Columbia, for Respondent.

————————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Policao*, 402 S.C. 547, 552, 741 S.E.2d 774, 776 (Ct. App. 2013) ("The trial court's estreatment of a bond forfeiture will not be set aside unless there has been an abuse of discretion."); *State v. McClinton*, 369 S.C. 167, 171, 631 S.E.2d 895, 897 (2006) ("[T]he State's right to estreatment or forfeiture of a bail bond issued in a criminal case arises from the contract, *i.e.,* the bail bond form signed by the parties."); *id.* ("[Our courts] routinely have applied contract principles to resolve various issues arising in bond forfeiture cases."); *Charleston, S.C. Registry for Golf & Tourism, Inc. v. Young Clement Rivers & Tisdale, LLP*, 359 S.C. 635, 642, 598 S.E.2d 717, 721 (Ct. App. 2004) ("An agency relationship may be established by evidence of actual or apparent authority."); *R & G Const., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 433, 540 S.E.2d 113, 118 (Ct. App. 2000) ("The elements of apparent agency are: (1) purported principal consciously or impliedly represented another to be his agent; (2) third party reasonably relied on the representation; and (3) third party detrimentally changed his or her position in reliance on the representation."); *id.* ("When a principal, by any such acts or conduct, has knowingly caused or permitted another to appear to be his agent, either generally or for a particular purpose, he will be estopped to deny such agency to the injury of third persons who have in good faith and in the exercise of reasonable prudence dealt with the agent on the faith of such appearances."); *State v. Bailey*, 248 S.C. 438, 446, 151 S.E.2d 87, 91 (1966) ("[T]he right of the State to estreatment of an appearance recognizance arises from contract and is, therefore, subject to the doctrine of estoppel.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.