**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Cornelius Sentell Mayberry, Defendant,

and

John Steen d/b/a John Steen Bail Bonding and Palmetto Surety Corp., as Surety, Appellant.

Appellate Case No. 2020-000771

Appeal From Cherokee County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2022-UP-245
Submitted May 1, 2022 – Filed June 8, 2022

**AFFIRMED**

Robert T. Williams, Sr. and Jason Thomas Yonge, both of Williams, Stitely & Brink, PC, of Lexington, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch,

Jr., both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

---

**PER CURIAM:**  John Steen, d/b/a John Steen Bail Bonding and Palmetto Surety Corporation, appeals the order of the circuit court requiring the estreatment of Cornelius Mayberry's $465,000 recognizance bond.  On appeal, Steen argues the circuit court erred by (1) not finding an intervening event prevented Mayberry from appearing in court on October 8, 2018, and (2) failing to make specific factual findings and exercise its discretion pursuant to *Ex Parte Polk*[1] and section 38-53-70 of the South Carolina Code (2015).  We affirm.

1.  The circuit court did not abuse its discretion by finding the attempt by federal law enforcement to arrest Mayberry was not an intervening event because the testimony indicating Mayberry evaded arrest, removed his ankle monitor, and was not detained until April 2019 was evidence indicating Mayberry's failure to appear constituted "willful default."  *See State v. McClinton*, 369 S.C. 167, 170, 631 S.E.2d 895, 896 (2006) ("An appellate court reviews the circuit court's ruling on the forfeiture or remission of a bail bond for abuse of discretion."); *id.* ("An abuse of discretion occurs when the circuit court's ruling is . . . without evidentiary support . . . ."); S.C. Code Ann. § 17-15-180 (2014) ("If any person shall forfeit a recognizance from ignorance or unavoidable impediment and *not from wilful default*, the court . . . may . . . remit the [bond] as may be deemed reasonable." (emphasis added)); § 38-53-70 ("[T]he court may direct that the [bond] be remitted . . . if it appears that justice requires the remission of part or all of the judgment.").

2.  Whether the circuit court erred by asserting it lacked discretion to remit Mayberry's bond or by failing to make specific factual findings is not preserved for appellate review because these issues were neither raised to nor ruled upon by the circuit court.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court].").

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1]  354 S.C. 8, 13, 579 S.E.2d 329, 331 (Ct. App. 2003).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.