23592

The STATE, Respondent v. Jack Arnold McINTYRE, a/k/a Kojack, Ex parte HOME QUICK BAIL BONDS, Appellant.

(415 S.E. (2d) 399)

Supreme Court

*J. Preston Strom, Jr.* and *Philip T. Lacy*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. Cameron Currie*, and *Asst. Atty. Gen. Miller Shealy, Jr.*, Columbia, *for respondent.*

Submitted July 8, 1991; Filed Oct. 7, 1991.

Heard Feb. 3, 1992; Decided Mar. 2, 1992.

*Per Curiam:*

We granted rehearing to consider whether a $250,000 bond, issued by Appellant Home Quick Bail Bonds (Home Quick) to secure the appearance of defendant Jack Arnold McIntyre (Kojack), was improperly estreated to the State. We vacate opinion No. 91-MO-273 (filed October 7, 1991) and reverse estreatment of the bond.

Kojack was indicted for trafficking cocaine, possession with intent to distribute cocaine and conspiracy to traffic cocaine. Bond, which was set at $250,000, contained numerous special conditions, one of which required Kojack be placed under an electronic surveillance system. Home Quick agreed to stand as surety on the bond.

On November 1, 1989, Home Quick's agent, David Mays (Mays), signed the surety contract in the presence of the Clerk of the State Grand Jury (Clerk). At the time Mays signed the contract, it contained six conditions, the last of which required that Kojack be placed under the electronic surveillance.

The next day, November 2, the Clerk, pursuant to instructions from Judge Kinard, placed an asterisk beneath condition six, which read: "Can't comply with No. 6—it's not available at this time. Judge Kinard okayed release." The parties dispute whether Mays, when he signed the surety contract on November 1, knew that electronic surveillance was unavailable. Nevertheless, Kojack was released on bail without surveillance; he absconded and failed to appear for trial.

After a hearing, Circuit Court estreated the $250,000 bond to the State.

The only issue we address is whether State was entitled to have the bond estreated.

The State's right to bond estreatment arises from contract. *State v. White,* 284 S.C. 69, 325 S.E. (2d) 64 (1985). The South Carolina Statute of Frauds, S.C. Code Ann. § 32-3-10(2) (1991), requires that, to be legally enforceable, a promise to answer for the debt of another must be in writing and signed by the party to be charged.

Generally, contracts required by the Statute of Frauds to be in writing cannot be orally modified. *Windham v. Honeycutt*, 279 S.C. 109, 302 S.E. (2d) 856 (1983).

It is undisputed that the Clerk's elimination of Condition No. 6 occurred subsequent to Mays' execution of the surety contract. This constitutes a violation of the Statute of Frauds. Accordingly, Home Quick was not bound by the altered contract.

Moreover, S.C. Code Ann. § 17-15-50 (1976) requires notice and a hearing prior to amendment of an Order imposing additional or different conditions of release:

> The Court may, at any time *after notice and hearing*, amend the order to impose additional or different conditions of release. (Emphasis supplied.)

Here, while the issue of Home Quick's notice of the amendment is disputed, State concedes that no hearing was conducted prior to Kojack's release.

The Circuit Court Order estreating the bond is

Reversed.