741 S.E.2d 774

The STATE of South Carolina, Respondent,

v.

Martin POLICAO, Defendant, and A AAA Bail Bonds, Appellant, and American Surety, Appellant.

The State of South Carolina, Respondent,

v.

Robin Cardenas, Defendant, and A AAA Bail Bonds, Appellant, and American Surety, Appellant.

The State of South Carolina, Respondent,

v.

Fernando Nunez, Defendant, and A AAA Bail Bonds, Appellant, and Bankers Insurance, Appellant.

The State of South Carolina, Respondent,

v.

Edwin Quijivix, Defendant, and A AAA Bail Bonds, Appellant, and American Surety, Appellant.

Appellate Case No.2011–194306.

No. 5100.

Court of Appeals of South Carolina.

Heard Jan. 10, 2013.

Decided March 20, 2013.

Rehearing Denied May 16, 2013.

548

S. Jahue Moore and John C. Bradley, Jr., both of Moore, Taylor & Thomas, P.A., of West Columbia, for Appellants.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

PIEPER, J.

This appeal arises out of four separate orders for bond estreatment. On appeal, Appellants A AAA Bail Bonds, American Surety, and Bankers Insurance (collectively "Appellants") argue that: (1) the trial court abused its discretion by ignoring the clear and unambiguous language of South Carolina Code section 17–15–170 (Supp.2012) and ordering estreatment; (2) the trial court's orders of estreatment are based upon errors of law; (3) the State's efforts to estreat the bonds are barred by the equitable doctrine of laches; and (4) the trial court abused its discretion by failing to consider the factors in *Ex parte Polk*, 354 S.C. 8, 579 S.E.2d 329 (Ct.App. 2003) prior to ordering estreatment. We affirm.

## FACTS

On November 19, 2008, Martin Policao was arrested by the Hanahan Police Department and charged with resisting arrest and assault upon a police officer. Policao was released from custody pursuant to a $20,000 surety bond issued by Appellants. On January 22, 2009, Policao failed to appear at court, and a bench warrant was issued for his arrest.

On December 3, 2007, Edwin Joel Quijivix was arrested by the Hanahan Police Department and charged with possession of cocaine. Quijivix was released from custody pursuant to a $7,500 surety bond issued by Appellants. On April 17, 2008, Quijivix failed to appear at court, and a bench warrant was issued for his arrest.

On August 16, 2009, Fernando Nunez was arrested by the Hanahan Police Department and charged with unlawful carrying of a pistol. Nunez was released from custody pursuant to a $2,500 surety bond issued by Appellants. On October 26,

2009, Nunez failed to appear at court, and a bench warrant was issued for his arrest.

On April 8, 2009, Robin Annette Cardenas was arrested by the Hanahan Police Department and charged with drug possession and violation of the habitual traffic offender statute. Cardenas was released from custody pursuant to a $14,000 surety bond issued by Appellants. On April 19, 2010, Cardenas failed to appear at court, and a bench warrant was issued for her arrest.

On April 5, 2011, an assistant solicitor issued notices of forfeited recognizance for Policao, Quijivix, Nunez, and Cardenas (collectively "Defendants"). On May 19, 2011, after an estreatment hearing, the trial court issued orders of estreatment for the full amount of each bond. On June 16, 2011, Appellants received written notice of the orders of estreatment. Appellants timely filed their notice of intent to appeal the orders of estreatment. Pursuant to an order of consolidation, these matters were consolidated for purposes of appeal.

**STANDARD OF REVIEW**

■ The trial court's estreatment of a bond forfeiture will not be set aside unless there has been an abuse of discretion. *State v. Lara*, 386 S.C. 104, 107, 687 S.E.2d 26, 28 (2009). "An abuse of discretion occurs when the circuit court's ruling is based on an error of law." *Id.*

**LAW/ANALYSIS**

**I. Statutory Compliance**

■ Appellants argue the trial court erred by ordering estreatment of the bonds when the State did not immediately issue an estreatment notice ninety days after the issuance of the bench warrant, as Appellants contend is required by section 17–15–170. Specifically, Appellants allege that if the State had issued the notice of estreatment ninety days after the bench warrant had been issued, Appellants were more likely to have had the Defendants in custody. Appellants assert that because the notice of estreatment was not immediately given, they were unable to adequately protect their interests. We disagree.

Any person charged with a noncapital offense shall "be ordered released pending trial on his own recognizance without surety in an amount specified by the court, unless the court determines in its discretion that such a release will not reasonably assure the appearance of the person as required, or unreasonable danger to the community will result." S.C.Code Ann. § 17–15–10(A) (Supp.2012). Also, "the circuit court judge must impose bond conditions which are sufficient to protect a victim from harassment or intimidation by the defendant or persons acting on the defendant's behalf." S.C.Code Ann. § 16–3–1525(I)(3) (2003). The court may impose certain conditions upon release, including the "execution of an appearance bond in a specified amount with good and sufficient surety or sureties approved by the court." § 17–15–10(A)(1). In lieu of requiring the entire bond amount, "the court setting bond may permit the defendant [or surety] to deposit in cash with the clerk of court an amount not to exceed ten percent of the amount of bond set." S.C.Code Ann. § 17–15–15(a) (2003). When the court permits the ten percent cash deposit and the defendant fulfills the condition of the bond, the cash deposited with the clerk of court shall be returned to the defendant or surety, except for cases where the defendant is required by the court to make restitution to the victim of his crime. § 17–15–15(a),(c). In those cases, such deposit may be used for the purpose of such restitution. § 17–15–15(c).

When a defendant defaults on the conditions of the bond by his or her failure to appear, the liability of the surety becomes conditionally fixed. *Pride v. Anders,* 266 S.C. 338, 340, 223 S.E.2d 184, 185 (1976). Upon the defendant's failure to appear, the court shall issue a bench warrant for the defendant and make available for pickup by the surety or its representative a true copy of the bench warrant within seven days of its issuance at the clerk of court's office. S.C.Code Ann. § 38–53–70 (Supp.2012). If the surety fails to surrender the defendant within ninety days of the issuance of the bench warrant, the bond is forfeited. *Id.*

Upon forfeiture of the bond, "the Attorney General, solicitor, magistrate, or other person acting for him immediately shall issue a notice to summon every party bound in the forfeited recognizance to appear at the next ensuing court to show cause, if he has any, why judgment should not be

confirmed against him." § 17–15–170. At this bond estreatment hearing, if the surety does not give a sufficient reason for failing to perform the condition of the recognizance, then the judgment on the recognizance is confirmed. *Id.* At any time before the judgment is confirmed against a defendant or surety, "the court may direct that the judgment be remitted in whole or in part, upon conditions as the court may impose, if it appears that justice requires the remission of part or all of the judgment." § 38–53–70. When the court makes a determination as to the remission of the judgment, the court shall consider the costs to the State "resulting from the necessity to continue or terminate the defendant's trial and the efforts of law enforcement officers or agencies to locate the defendant." *Id.* The court may permit the surety to pay the estreatment in installments for a period of up to six months. *Id.* "If at any time during the period in which installments are to be paid the defendant is surrendered to the appropriate detention facility and the surety complies with the recommitment procedures, the surety is relieved of further liability." *Id.*

In *State v. Cornell*, 70 S.C. 409, 412, 50 S.E. 22, 23 (1905), our supreme court applied the 1902 version of the estreatment statute, which provided:

Whenever such recognizance shall become forfeited by non-compliance with the condition thereof, the Attorney General, or Solicitor, or other person acting for him, shall, *without delay*, issue a notice to summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of Sessions, to show cause, if any he has, why judgment should not be confirmed against him; and if any person so bound fail to appear, or appearing, shall not give such reason for not performing the condition of such recognizance as the Court shall deem sufficient, then the judgment on such recognizance shall be confirmed.

1902 Crim.Code § 85 (emphasis added). The *Cornell* court considered the "without delay" language in the statute and concluded that the "provision is directory, merely, to the officers named, and does not affect the liability of the surety or the legality of the proceedings in this case." *Cornell*, 70 S.C. at 412, 50 S.E. at 23. The *Cornell* court found a delay of over three years did not prevent the bond from being estreated. *Id.* at 413, 50 S.E. at 23.

However, in *State v. McClinton*, our supreme court found a seven-and-a-half year delay was barred by the statute of limitations and stated:

[T]he three-year statute of limitations for contract actions applies to actions by the State for the forfeiture of a bail bond in a criminal case. The statute begins to run thirty days after issuance of a bench warrant for a defendant's failure to appear, pursuant to the process established in Section 38–53–70.

369 S.C. 167, 175–76, 631 S.E.2d 895, 899 (2006). The *McClinton* court "rel[ied] on the more specific process set forth in Section 38–53–70, and less on the general directive in Section 17–15–170 that the State move 'immediately' for forfeiture of the bond upon noncompliance with its condition, because this language in the latter statute is merely directory." *Id.* at 175, 631 S.E.2d at 899.

In Policao's case, an assistant solicitor issued a notice of forfeited recognizance on April 5, 2011, over two years after the January 22, 2009 bench warrant was issued against him. In Quijivix's case, an assistant solicitor issued a notice of forfeited recognizance on April 5, 2011, not quite three years after the April 17, 2008 bench warrant was issued against him. In Nunez's case, an assistant solicitor issued a notice of forfeited recognizance on April 5, 2011, nearly a year and a half after the October 26, 2009 bench warrant was issued against him. In Cardenas' case, an assistant solicitor issued a notice of forfeited recognizance on April 5, 2011, nearly one year after the April 19, 2010 bench warrant was issued against her. Accordingly, none of the cases at bar involve a delay of three years or more. Based on the *McClinton* court's finding that the three-year statute of limitations applicable to forfeiture of a bail bond begins to run thirty days after the issuance of a bench warrant for purposes of the process established in section 38–53–70, the State's estreatment actions in the instant matters do not violate section 38–53–70. As instructed by the *McClinton* court, we rely on the more specific process set forth in section 38–53–70, and less on the general directive in section 17–15–170 that the State move "immediately" for forfeiture of the bond upon noncompliance with its condition, because the language in the latter statute is merely directory. Therefore, we affirm as to this issue.

## II. Laches

■ Appellants argue the doctrine of laches prohibits the State from estreating the bonds.

■ "The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal." *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct.App.2010). After a review of the record, we find the doctrine of laches was not raised to or ruled upon by the trial court. Therefore, this issue is unpreserved. However, even if the issue is preserved, we alternatively affirm on the merits.

■ The equitable defense of laches is defined as "neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done." *Strickland v. Strickland*, 375 S.C. 76, 83, 650 S.E.2d 465, 469 (2007) (citation omitted). "In order to establish laches as a defense, a party must show that the complaining party unreasonably delayed its assertion of a right, resulting in prejudice to the party asserting the defense of laches." *Historic Charleston Holdings, LLC v. Mallon*, 381 S.C. 417, 432, 673 S.E.2d 448, 456 (2009).

Though the notice of estreatment in each case was filed more than ninety days after the bench warrant was issued, Appellants did not show that the delays were unreasonable, especially given the foregoing discussion regarding the three-year statute of limitations that applies to bond estreatment. Additionally, Appellants did not show the delays prejudiced them. Though Appellants asserted at trial that they felt like they probably could have had Defendants in custody had the State issued the notice of estreatment ninety days after the bench warrant was issued, there is no showing of prejudice. Appellants were liable to pay the bond upon forfeiture when Defendants failed to appear at court. Appellants were allowed the time between the issuance of the bench warrant and the estreatment hearing to find Defendants. Instead of only ninety days, Appellants had between one year and almost three years to locate and surrender Defendants. Therefore, Appellants actually benefitted from the delay.

## III. *Polk* Factors

■ Appellants argue the trial court abused its discretion by failing to consider the three factors in *Polk*, 354 S.C. at 13, 579 S.E.2d at 331, prior to ordering estreatment. First, Appellants assert the trial court erred by not considering the actual cost to the State prior to ordering estreatment and, instead, based its discussion of costs upon speculation and conjecture. Second, Appellants contend that the record contains no discussion or findings as to the purpose of the bond. Third, Appellants allege that the record is devoid of any discussion or findings as to the nature and willfulness of the default. Finally, Appellants argue that because they appeared before the trial court *pro se*, they had a right to expect the court to follow South Carolina law as set forth in the *Polk* case without a specific request from them that the trial court do so.

■ "A contemporaneous objection is required to properly preserve an error for appellate review." *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994). However, a notable exception to the general rule requiring a contemporaneous objection in order to preserve an issue for appeal is found when the record does not reveal a knowing and intelligent waiver of the right to counsel. *Ex parte Jackson*, 381 S.C. 253, 261 n. 3, 672 S.E.2d 585, 589 n. 3 (Ct.App.2009).

■ "[T]he State's right to estreatment or forfeiture of a bail bond issued in a criminal case arises from the contract, *i.e.*, the bail bond form signed by the parties." *McClinton*, 369 S.C. at 171, 631 S.E.2d at 897. Generally, a litigant has a statutory right to proceed *pro se* in South Carolina. *See* S.C.Code Ann. § 40–5–80 (2011) ("This chapter may not be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires."). A trial court in a civil proceeding is not always required to obtain a knowing and voluntary waiver of counsel from every litigant who wishes to exercise his right to represent himself. *See Washington v. Washington*, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding the trial court did not err by allowing civil litigant to proceed *pro se* without determining whether the decision to proceed *pro se* was knowingly and voluntarily made). A right to counsel under the federal constitution arises under the Sixth Amendment or under the due process

guarantee of the Fourteenth Amendment. *Id.* at 550, 419 S.E.2d at 780. When a civil proceeding involves the deprivation of a liberty interest, a litigant shall be afforded a due process right to counsel. *Id.* at 551, 419 S.E.2d at 780–81.

A review of the record reveals Appellants did not specifically ask the trial court to consider the *Polk* factors. Additionally, Appellants did not object to the trial court's determination of the costs to the State or to the full estreatment of the bonds. We disagree with Appellants' contention that, because they appeared *pro se,* the court had a duty to consider the *Polk* factors even without a specific request from Appellants. Appellants are not criminal defendants who waived their constitutional right to counsel. Because bond estreatment is an action on a contract, it is not a civil action involving the deprivation of a liberty interest that mandates a due process right to an attorney. Therefore, we find Appellants had a right to proceed *pro se* and were responsible for preserving any issues for this court's review. *See State v. Burton,* 356 S.C. 259, 265 n. 5, 589 S.E.2d 6, 9 n. 5 (2003) ("A pro se litigant who knowingly elects to represent himself assumes full responsibility for complying with substantive and procedural requirements of the law."). Because no contemporaneous objection accompanied the trial court's findings, we find this issue unpreserved. However, even if the issue is preserved, we alternatively affirm on the merits.

"[T]he following factors, at the least, should be considered [by a court] in determining whether, and to what extent, the bond should be remitted: (1) the purpose of the bond; (2) the nature and willfulness of the default; (3) any prejudice or additional expense resulting to the State." *Polk,* 354 S.C. at 13, 579 S.E.2d at 331. The overriding purpose of requiring a criminal defendant to post bond before his release from custody is to assure his appearance at trial. *State v. Workman,* 274 S.C. 341, 343, 263 S.E.2d 865, 866 (1980).

With respect to Cardenas, Appellants admitted at the estreatment hearing that they had been actively looking for her and believed she may have been in Texas. The trial court found there was clearly evidence that locating Cardenas was going to dramatically increase the cost to the State. With respect to Policao, Quijivix, and Nunez, Appellants admitted

Defendants likely had left the country. The trial court found that the bond amounts of $2,500, $7,500, and $20,000 would be required for a world search for Defendants. It would be difficult for the trial court to make a determination of actual costs the State would incur in finding someone whose whereabouts were unknown. Therefore, we disagree with Appellants' argument that the trial court committed prejudicial error by not considering actual costs to the State. The trial court discussed that the purpose of the surety is to make a defendant appear at court. The trial court also discussed bond amounts that, in its opinion, were reasonable amounts of money to assure a person's presence. At the estreatment hearing, Appellants admitted they were unable to locate Defendants long before the notice of estreatment was issued. The trial court and Appellants engaged in a dialogue regarding the fact Appellants did not report to the State that they were unable to locate Defendants. The trial court also stated that one of the obligations of the surety is to know each term of the bond. Therefore, with respect to Appellants' arguments regarding the failure of the trial court to consider the three *Polk* factors, we find the trial court did not abuse its discretion.

## CONCLUSION

For the aforementioned reasons, the judgment of the trial court is hereby **AFFIRMED.**

FEW, C.J., and WILLIAMS, J., concur.