**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

State of South Carolina, Respondent,

v.

Mario Ramos Hinojos, Defendant,

and

Richard G. Thompson, d/b/a All-Out-Bail Bonding, as Surety, Accredited Property and Casualty Ins., as Surety,

Of whom Richard G. Thompson, d/b/a All-Out-Bail Bonding, and Accredited Property and Casualty Ins. are the Appellants.

Appellate Case No. 2013-000567

Appeal From Greenville County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2014-UP-254
Submitted April 1, 2014 – Filed June 25, 2014

**AFFIRMED**

Robert T. Williams, Sr. and Benjamin Allen Stitely, both

of Williams Hendrix Steigner & Brink, PA, of Lexington,
for Appellants.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, and Assistant
Deputy Attorney General S. Creighton Waters, all of
Columbia, for Respondent.

---

**PER CURIAM:**  Richard G. Thompson, d/b/a All-Out-Bail Bonding and
Accredited Property and Casualty Insurance (All-Out), appeals the trial court's
order estreating $66,666.66 of Mario Ramos Hinojos's bond, arguing (1) the trial
court erred by estreating the bond following an amendment to section 17-15-20(B)
of the South Carolina Code (Supp. 2013) and (2) the trial court abused its
discretion by failing to fully address the factors from *Polk*.[1]  We affirm.

1. Because this court previously decided the issue of estreatment in this case,[2] the
trial court properly refused to consider this issue on remand.  *See Prince v.
Beaufort Mem'l Hosp.*, 392 S.C. 599, 606, 709 S.E.2d 122, 126 (Ct. App. 2011)
("Matters decided by the appellate court cannot be reheard, reconsidered, or
relitigated in the trial court, even under the guise of a different form." (internal
quotation marks omitted)); *id.* at 605, 709 S.E.2d at 125 ("A trial court has no
authority to exceed the mandate of the appellate court on remand." (brackets and
internal quotation marks omitted)); *Sloan Constr. Co. v. Southco Grassing, Inc.*,
395 S.C. 164, 169, 717 S.E.2d 603, 606 (2011) ("[A] party is precluded from
relitigating, after an appeal, matters that were . . . raised on appeal, but expressly
rejected by the appellate court." (internal quotation marks omitted)).

2. We find the trial court fully addressed the factors from *Polk*; therefore, the trial
court did not abuse its discretion.  *See State v. Policao*, 402 S.C. 547, 552, 741
S.E.2d 774, 776 (Ct. App. 2013) ("The trial court's estreatment of a bond forfeiture
will not be set aside unless there has been an abuse of discretion."); *State v.
McClinton*, 369 S.C. 167, 170, 631 S.E.2d 895, 896 (2006) (explaining an abuse of
discretion occurs when the trial court's ruling is based on an error of law or without
evidentiary support).

---

[1] *Ex parte Polk*, 354 S.C. 8, 579 S.E.2d 329 (Ct. App. 2003).
[2] *State v. Hinojos*, 393 S.C. 517, 713 S.E.2d 351 (Ct. App. 2011).

**AFFIRMED.**[3]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.