**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Gregory Fielder, Appellant.

Appellate Case No. 2015-002435

———————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-007
Submitted November 1, 2017 – Filed January 10, 2018

———————

**AFFIRMED**

———————

Darren S. Haley and Willie James Peters, III, both of The Haley Law Firm, LLC, of Greenville, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General John Benjamin Aplin, both of Columbia, for Respondent.

———————

**PER CURIAM:** Gregory Fielder appeals his convictions for exploitation of a vulnerable adult and breach of trust over $10,000, arguing the trial court erred by (1) failing to order an examination to determine if Fielder was competent to stand trial, (2) admitting hearsay and unduly prejudicial statements, (3) failing to

sequester Raymond Johnson, (4) unreasonably restricting Fielder's ability to testify, (5) permitting James Bryan to testify regarding matters about which he lacked personal knowledge, (6) failing to sequester Bryan, and (7) improperly limiting the scope of Fielder's cross-examination of Bryan. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues one through five: *State v. Policao*, 402 S.C. 547, 556, 741 S.E.2d 774, 778 (Ct. App. 2013) (stating arguments raised for the first time on appeal are not preserved for appellate review); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be considered on appeal."); *In re Care & Treatment of Corley*, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) ("Constitutional issues, like most others, must be raised to and ruled upon by the trial court to be preserved for appeal.").

2. As to issue six: *State v. Carmack*, 388 S.C. 190, 197, 694 S.E.2d 224, 227 (Ct. App. 2010) ("The trial court's ruling on a motion to sequester a witness will not be disturbed on appeal absent an abuse of discretion and prejudice to an appellant."); *State v. Tisdale*, 338 S.C. 607, 616, 527 S.E.2d 389, 394 (Ct. App. 2000) ("Whether a witness should be exempted from a sequestration order is within the trial court's discretion." (quoting *Gattison v. S.C. State College*, 318 S.C. 148, 151, 456 S.E.2d 414, 415 (Ct. App. 1995))); *Carmack*, 388 S.C. at 197, 694 S.E.2d at 227 ("The mere opportunity for the State's witnesses to compare testimony is insufficient to compel sequestration." (quoting *State v. Sullivan*, 277 S.C. 35, 46, 282 S.E.2d 838, 844 (1981))); *id*. at 198, 694 S.E.2d at 227-28 ("[T]he threat that exposure to other testimony would taint subsequent testimony [is] alleviated by affording [the defendant] the opportunity to impeach any witnesses who altered their accounts . . . ."); *State v. Curtis*, 356 S.C. 622, 632, 591 S.E.2d 600, 605 (2004) ("A party cannot complain of an error which his own conduct created.").

3. As to issue seven: *State v. Johnson*, 338 S.C. 114, 124-25, 525 S.E.2d 519, 524 (2000) ("An appellate court will not disturb a trial court's ruling concerning the scope of cross-examination of a witness to test his or her credibility, or to show possible bias or self-interest in testifying, absent a manifest abuse of discretion."); *State v. Aleksey*, 343 S.C. 20, 34, 538 S.E.2d 248, 255 (2000) ("[T]rial [courts] retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

things, harassment, prejudice, confusion of the issues, witness' safety, or interrogation that is repetitive or only marginally relevant." (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986))); *State v. Brown*, 303 S.C. 169, 171, 399 S.E.2d 593, 594 (1991) ("The limitation of cross-examination is reversible error if the defendant establishes he was unfairly prejudiced.").

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**