**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Desmond Shamaine Collins, Appellant.

Appellate Case No. 2017-002405

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-387
Submitted October 1, 2019 – Filed December 18, 2019

———————

**AFFIRMED**

———————

Timothy Kirk Truslow, of T. Kirk Truslow P.A., of
North Myrtle Beach, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General William M. Blitch,
Jr., both of Columbia; and Solicitor Jimmy A.
Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:**  Desmond Shamaine Collins appeals his conviction of trafficking heroin, arguing the trial court erred in failing to conduct an evidentiary hearing of a 400-page cell phone report before ruling the report did not have any exculpatory

value.  However, Collins did not make this argument at trial or request an evidentiary hearing.  Thus, this argument is not preserved.  *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *State v. Policao*, 402 S.C. 547, 556, 741 S.E.2d 774, 778 (Ct. App. 2013) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal." (quoting *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010))); *State v. Thomason*, 355 S.C. 278, 288, 584 S.E.2d 143, 148 (2003) ("For an appellate court to review an issue, a contemporaneous objection at the trial level is required.").  To the extent Collins contends he did not have time to review the report, he could have requested a continuance but failed to do so.  Finally, Collins stipulated at trial the evidence was not relevant.  Thus, he waived his right to challenge it on appeal.  *See State v. Benton*, 338 S.C. 151, 156-57, 526 S.E.2d 228, 231 (2000) (providing when a party concedes to an issue at trial and argues the issue on appeal, the issue is procedurally barred).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.