**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Stephen Trase Fincher, Appellant.

Appellate Case No. 2017-002384

Appeal From Laurens County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2020-UP-141
Submitted April 1, 2020 – Filed May 20, 2020

**AFFIRMED**

Elizabeth Anne Franklin-Best, of Elizabeth Franklin-Best, P.C., of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, all for Respondent.

**PER CURIAM:** Stephen Trase Fincher appeals his conviction for first-degree burglary and sentence of twenty-five years' imprisonment. On appeal, Fincher argues the trial court erred (1) in allowing the trial to proceed in his absence

without a finding he voluntarily waived his right to be present and (2) by denying his motion for directed verdict regarding the burglary of Metric Road because the garage was not a dwelling. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in allowing the trial to proceed in Fincher's absence: *State v. Policao*, 402 S.C. 547, 556, 741 S.E.2d 774, 778 (Ct. App. 2013) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the [trial] court, it will not be considered for the first time on appeal." (quoting *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010))); *In re McCracken*, 346 S.C. 87, 92, 551 S.E.2d 235, 238 (2001) ("A constitutional claim must be raised and ruled upon to be preserved for appellate review."); *State v. Ravenell*, 387 S.C. 449, 456, 692 S.E.2d 554, 558 (Ct. App. 2010) ("In order to claim the protection afforded by the rule of law that a criminal defendant may be tried in his absence only upon a trial court's finding that the defendant has received the requisite notice of his right to be present and advisement that the trial would proceed in his absence if he failed to attend, a defendant or his attorney *must object* at the first opportunity to do so, and failure to so object constitutes waiver of the issue on appeal." (emphasis added)).

2. As to whether the trial court erred by denying Fincher's motion for directed verdict regarding the burglary of Metric Road because the garage was not a dwelling: *State v. Kinnerly*, 331 S.C. 442, 455, 503 S.E.2d 214, 221 (Ct. App. 1998) ("In reviewing a denial of directed verdict, issues not raised to the trial court in support of the directed verdict motion are not preserved for appellate review. A defendant cannot argue on appeal an issue in support of his directed verdict motion when the issue was not presented to the trial court below." (citations omitted)).

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.